Leonard JEFFRIES, Plaintiff,

v.

Bernard HARLESTON, et al., Defendants.

No. 92 CIV 4180 (KC).

United States District Court, S.D. New York.

April 21, 1993.

740

Joseph Fleming and Debra Galloway–Haskins, New York City, for plaintiff.

Clement Colucci and Kathie Ann Whipple, Asst. Attys. Gen., New York City, for defendants.

## ORDER

CONBOY, District Judge:

As a preliminary matter, the Court must determine whether the speech at issue in this case, Professor Jeffries' July 20, 1991 speech at the Empire State Black Arts and Cultural Festival, is constitutionally protected. Speech is constitutionally protected if its content is a matter of public concern. Speech

touches upon matters of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983). *See also Johnson v. Lincoln Univ. of Com.*, 776 F.2d 443, 452 (3rd Cir.1985). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement as revealed by the whole record." *Connick*, 461 U.S. at 147, 103 S.Ct. at 1690.

■■■ Both sides agree that Professor Jeffries' speech, taken in its entirety, touches upon matters of public concern. *See* Transcript of Hearing, April 20, 1993. The Attorney General contends, however, that particular sections of the speech, the sections that allegedly motivated the defendants' actions, do not touch upon matters of public concern and, therefore, do not deserve constitutional protection.

We reject the Attorney General's contention that the Court can dissect a speech, which both sides concede is constitutionally protected in its entirety, so as to eliminate constitutional protection for particular shards or phrases that might be considered offensive. In *Rankin v. McPherson*, 483 U.S. 378, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987), the plaintiff, a clerical employee in a county Constable's office, and a co-worker were discussing the policies of the President of the United States. At the conclusion of the discussion, the plaintiff commented upon an assassination attempt against the President, stating, "if they go for him again, I hope they get him." 483 U.S. at 381, 107 S.Ct. at 2895. Plaintiff's last remark was overheard by another employee, who reported the statement to the Constable. As a result, plaintiff was fired. The Supreme Court found that plaintiff could not be fired for the last remark, because the remark was in the context of a conversation discussing the President and his policies and was, therefore, constitutionally protected. Similarly, in this case, the Court must look to the entire context of the speech to determine whether particular sections touch upon matters of public concern.[1] Because the statements upon which the Attor-

1. The *Rankin* Court stated that the "[t]he inappropriate or controversial character of a statement is irrelevant to the question whether it deals with a public concern. '[D]ebate on public issues should be uninhibited, robust, vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.' " 483 U.S. at 387, 107 S.Ct. at 2898, *quoting, New York Times Co. v. Sullivan*, 376 U.S. 254, 270, 84 S.Ct. 710, 721, 11 L.Ed.2d 686 (1964).

ney General seeks to rely were made in the context of and were part of a speech concerning a matter of public concern, we find that these statements are constitutionally protected.

Having found that Jeffries' speech touches upon matters of public concern, the Court will not allow the Attorney General to splice and fragment the accompanying constitutional protection in a manner that would severely weaken the constitutional safeguard and might well distort the full, contextual meaning of the speech. Accordingly, the Court finds that Jeffries' whole speech, each and every sentence, is constitutionally protected. *See Eiland v. City of Montgomery,* 797 F.2d 953 (11th Cir.1986), *cert. denied,* 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987) ("The task under *Pickering [v. Board of Ed.,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) ] is to balance those competing interests and to determine whether the employee's interests in the *speech as a whole* outweigh the public employer's interests." *Id.* at 957 n. 6) (emphasis added); *Moore v. City of Kilgore, Tex.,* 877 F.2d 364 (5th Cir.), *cert. denied,* 493 U.S. 1003, 110 S.Ct. 562, 107 L.Ed.2d 557 (1989) ("Finally, we turn to an analysis of the form of Moore's comments. They do involve a hint of personal 'employee' considerations.... However, mixed motivations are involved in most actions we perform everyday; we will not hold Moore to herculean standards of purity of thought and speech, ever assuming Moore's motivations were mixed. Taking Moore's *speech as a whole,* and considering the content, context, and form together, we hold that Moore's speech does involve a matter of public concern—the effectiveness of the Fire Department in fighting fires." *Id.* at 371–72) (emphasis added); *Martin v. Parrish,* 805 F.2d 583 (5th Cir.1986) ("The use of profane words by themselves, in my opinion, does not preclude a finding that an employee's speech addresses a matter of public concern. Instead, as *Connick* indicates, the record *as a whole* must be examined. *Martin v. Parrish,* 805 F.2d at 587 (Concurrence)) (emphasis in original).

■ The Attorney General next urges that the defendants be permitted to offer testimo-

ny to the jury that they were in fact motivated in the actions they took only by the assertedly anti-semitic portions of the speech. We observe parenthetically that in taking this position the defendants may be conceding a part of the plaintiff's burden of proof—specifically, that the protected speech was a substantial or motivating factor in the defendants' actions. *See Johnson v. Lincoln Univ. of Com.,* 776 F.2d 443, 452 (3rd Cir. 1985).

The Court will allow the admission of evidence concerning the particular sections of the speech that motivated defendants' actions. However, both sides should be aware that the fact that the defendants were motivated by only particular sections of the speech is in no way a defense to the civil allegations. It is our present intent to instruct the jury accordingly.

SO ORDERED.